Call the next case. Case number 19-2817, People v. DeAngelo Johnson. I'll be discussing issues 1 and 2 of the briefs. Starting with issue 1, Johnson here made a substantial showing that defense counsel was ineffective for failing to investigate and present evidence that Johnson's confession was coerced. In his PC petition, Johnson has attached allegations that Detective Cato beat him and forced him to sign a confession. Now, let me ask you this regarding failure to investigate. What do you mean by failure to investigate? Do you mean that his trial attorney never asked him what Detective Cato did to him or how he came about to giving the statement that he did? I mean, where's the failure to investigate part? Well, it comes in the fact that these articles and cases that were attached to the petition were all available. So, are you saying that his attorney was informed of the beatings that your client claims to have received from Detective Cato prior to going forward on his motion at the trial level? Certainly, because that's what Johnson testified to. So, you're saying that the counsel's ineffectiveness is based on his failure to be fully informed of Detective Cato's allegations against him prior? That's correct, Your Honor. And do you think those allegations, and the whole purpose of this is because you believe that the motion itself might have come to a different outcome had this additional information been brought forth. Correct. Do you think those allegations against Detective Cato that preceded Mr. Johnson's interaction with Detective were admissible during the course of that motion? Certainly, Your Honor. Hearsay is admissible during the pre-trial hearing. What information would you have been able to bring forth? Well, he could have used the information in the articles and the allegations in the cases to impeach Detective Cato on his credibility. Who would have testified to that? Would you present it as an exhibit, a newspaper article? I thought an evidentiary hearing is based on witnesses coming forth and giving testimony. And if you don't have witnesses to back up the newspaper articles, I don't see where you could really go anywhere with it. Well, Your Honor, it could have been both. It could have introduced the articles and cases as exhibits. And also, it could have had witnesses called in that were mentioned in the articles and cases. Again, we're only at the second stage here of the post-conviction position. He only has to make a substantial showing. So whether or not there was sufficient evidence can be determined at the third stage. So let's say there's another defendant who accuses Detective Cato of being physically intimidating or acting physically against him to force him to give a statement at some later point than Mr. Johnson. Then Mr. Johnson would have been a witness in that person's motion to suppress to be able to win his motion to suppress based on physical coercion. Is that what you're saying? It's certainly possible, Your Honor. And how do you deal with the trial judge having heard Mr. Johnson, having heard Detective Cato, and deciding that between the two, Detective Cato was more credible? Well, that was without the addition of the evidence that has now been attached to the petitions and the witnesses that might have come about because of those. In terms of the prejudice that we find here, this came out at the hearing, that Johnson, he had a low IQ. He was in custody for more than 24 hours. He wasn't able to sleep. Even Detective Cato testified that there was a period of 12 hours where he wasn't offered any food. Also, we have something else that diminishes Cato's credibility at that hearing. The polygraph examiner, Officer Tovar, said that after the polygraph exam he told Johnson, I think you're lying, and Johnson said, I was there, but I was not the shooter, and he named two other individuals as the shooters. Cato said after the polygraph, Johnson gave an inculpatory statement. So clearly, again, we've had a lot of factors that diminish Cato's credibility there with the addition of this evidence on the petition. Taking everything you've just said, and I don't question any of it, I think it's absolutely supported by the record. The question I have is, what's, you know, why does that, why is that, all that information that you've just provided us, go so far beyond the gist or the arguable claim standard to reach the substantial showing standard that you need for an evidentiary hearing? A third-stage post-conviction proceeding. Why did everything you've just told us, why does that satisfy that evidentiary standard? Well, Your Honor, we have the cases of People v. Patterson and People v. King, which were also second-stage proceedings that the court found went on to remand it for a third-stage hearing. In People v. King, one of the pieces of evidence that was attached to the petition that the court considered was a complaint against the same officer. In that case, there were complaints against Burge. Well, complaint in what sense? A complaint in a court sense, or a complaint by, you know, what used to be the old... It was a complaint in a federal action, so... And complaints tend to be verified, or at least signed by someone? That is a far distance from a newspaper article, wouldn't you say? It is a little bit different, Your Honor, that's correct. However, there were also civil actions attached with complaints to this petition as well. So, again, we have a similar type of evidence. This is not a complaint, but there was a final finding that the detective in that case definitely did those acts. And the state here says that, you know, there's no definitive finding that Cato has done these acts. But again, we don't need that at the second stage. People v. King makes clear that that's unnecessary. We have the same situation in Patterson, where there were... It was a proffer from another case that was brought in and prepared in anticipation of litigation. It was just complaints and allegations against the detective there. There wasn't anything definitive that the officer had definitely engaged in those activities. You see, it would have been so much better for you if you would have had affidavits from people instead of newspaper articles. Well, certainly, Your Honor. But again, it's not just the newspaper articles here. We also have these civil cases. Well, civil cases are complaints. Many lawyers file complaints on their computer, and they change dates and times. You see. Again, if you had affidavits, you see, it gives more credence. But what you have is newspaper stories, and you have complaints. That's true, Your Honor. But again, in People v. King, there weren't necessarily any affidavits from witnesses brought in. And we are only at the second stage. PC counsel here, by attaching these civil cases, has met the substantial showing standard here. And at the third stage, it's possible that witnesses from these cases can be brought in, but that's not necessarily required here at this stage. Under Patterson, the Illinois Supreme Court found several factors relevant to the determination of whether evidence presented made a substantial showing. The first factor is whether the officer involved in the petitioner's case was the same. The second factor is whether the defendant has consistently claimed he was tortured. And the third factor is whether the methods of abuse were similar to those used in other cases. And Johnson has met all those criteria here. We're dealing with Detective Cato in these cases, as well as in the prior allegations. He's consistently claimed that he was tortured, which is evidenced, again, by his testimony at the hearing. Now, the state says that he did not tell the state's attorney who took his statement that he was tortured, and that he didn't have any obvious signs of injury. However, in People v. Reyes and People v. Cannon, the defendants in those cases did not tell the state's attorney who took their statement that they were tortured, and there also wasn't any physical signs of injury. That's a factor to be considered at a third-stage hearing, but it's not dispositive at this stage of proceedings. And also, when asked on direct examination at that hearing whether or not he had injuries, he said, yes, I had cuff injuries where they tightened the cuffs, and he actually showed his wrists to the judge. So why, given that opening, do you have any injuries? Given that opening, why wouldn't he have, at that point, have said something about the injuries that he suffered to his throat? Well, he did testify to the fact that after he suffered, he had trouble swallowing after he was karate-chopped to the throat several times, which, again, is another factor under Patterson. Again, the same method of abuse was used here as in other cases. A karate chop is such a specific type of blow, and again, in the articles attached to the petition, it alleged that many other defendants had claimed that Cato had karate-chopped them. Again, such a specific type of blow really links him to these prior allegations. He also claimed that he was kept awake all night, and in the Wallace case and the Wasilewski case, the individuals in those cases claimed Cato kept them awake all night. He claimed that he was cuffed to a ring on the wall, he was slapped in the face, and he was given threats by Cato. And in the Seton case, the individual there also claimed those same things. Did he claim he was kept handcuffed to the wall the entire time that he was in the room? He did, except he was let out briefly to use the restroom. What about when the ASA was in there? The state's attorney testified that he was not cuffed at that time. The state argues that, again, the articles and cases here are insufficient because they don't definitively establish that Cato tortured these other individuals, but as I've noted in King and Patterson, that isn't necessarily something that is necessary at the second stage proceedings. Again, Johnson was prejudiced here. Do you think before we should order an evidentiary hearing, we should have? I think Justice Gordon was alluding to this. Something more that we have an idea of what's going to happen at the evidentiary hearing. If the evidentiary hearing in this case is simply going to be a repeat of what occurred the first time around, why would we want to order that? Well, Your Honor, I don't think it's going to be a repeat. Well, then we go to Justice Gordon's question. What more do you have? Well, I think that at this stage we don't need the affidavits. We don't necessarily need those witnesses. We can have that brought in at the third stage. It's an extraordinary relief. This is post-conviction proceedings. This is not something that a defendant is entitled to. And to the extent that you're saying that we could have more, we just need to do more work. The question is, why is it more work having already been done? Well, Your Honor, again, I'm saying that it would be different this time. And I would point you to Peeble v. King and Peeble v. Patterson, where they didn't necessarily have the witness affidavits in those cases. Some of the evidence was very similar to the evidence we have in this case. They did remand it for a third stage evidentiary hearing. Where at that time these other witnesses can be brought in. All right. What was the second issue? The second issue, Your Honor, is concerning the consecutive sentences. And Johnson was sentenced here for three counts of aggravated battery and he was ordered to serve them consecutively to each other until the murder count. However, two of those convictions, the batteries to Birmingham and Mitchell, did not constitute severe bodily injury. And so the court was not authorized to impose consecutive sentences for those. Well, is severe bodily injury a factual question or one of law? I mean, certainly the judge thought it was severe bodily injury. I think you're talking about the bullet through-by-through, you know, that didn't, it went through his body. It seems like a severe bodily injury to me if you get a bullet shot through any part of your body. Well, the cases that are cited in the opening brief, Your Honor, about People v. Rees, People v. Murray, have very similar types of injuries. And the courts there have held that those don't rise to the level of severe bodily injury. Also, in this case, we have, in the Codefendant's case, People v. Williams, the case was remanded back and the trial judge found there that no, these two injuries do not constitute severe bodily injury. It was a joint trial. We have the exact same facts. So it would be inconsistent for them to now impose the consecutive sentences here on Johnson. Okay. And the state is arguing that the sentences should not be changed because they're not void, but merely voidable, and they're relying on People v. Davis for that conclusion, where Davis held that the trial court judgment cannot be void as long as the court has personal and subject matter jurisdiction. But People v. Arnab decided by the Supreme Court a few years later and basically overturned that ruling, which was also a consecutive sentencing, concurrent sentencing cases. You ought to hold some time for your rebuttal and let the others answer. Yes, Your Honor. We'd ask that you remand the case for a third state hearing and remove the consecutive sentences. Mary, please report. Again, I'm Marie Quinlivan, Czech, on behalf of People. As far as the first issue is concerned, the ineffectiveness is a constant threat on cover. The newspaper articles and the complaints in federal court. The reality here is that the defendant just has absolutely nothing. He has nothing to show that he was physically coerced by Detective Cato. He testified in front of the judge. He said, oh, Cato karate-chopped me. He cuffed me too tight. And the trial court said, you're lying. Motion denied. I mean, that is the beginning and end of his case right there. Well, how about all of these complaints and those things that are in the newspaper articles that this man has beat numerous people? There's lawsuits over it. Shouldn't the court make a determination? Because when the case was tried, none of that evidence was out. At the time the case was tried, the newspaper articles were out, Your Honor. No, I'm talking about all these other instances were not brought forth to the court. Some of the complaints had been filed at that point. They had, but the court was not aware of them. Correct. But looking at hindsight now, as we must, the reality is that no one of those complaints came to fruition. There is no finding anywhere that Detective Cato ever mishandled or mistreated a suspect. So there's absolutely nothing. There was nothing then. And the test of time has proven there was really nothing. Detective Cato still operating? Your Honor, I'm not certain. But as far as you know, he was never discharged from the police department. No, in fact, what I know from one of the newspaper articles is that he was commended twice and given 60 honorable mentions. There were glowing reports in the newspaper articles about what a fine detective he was. In the newspaper articles, there were two defendants who claimed they had been beaten by Detective Cato when he wasn't even on duty. A third complained that he had beaten them when Detective Cato was in the office of interrogation. Pardon? Anything to do with his name? I believe so. I think it was, you know, A karate chop by Detective Cato? They referred to them as Cato motions back in the day. The bottom line is they were all unsubstantiated. There was absolutely nothing. There was no finding anywhere by any court that Detective Cato ever did anything inappropriately, that he mishandled any suspect ever. And so submitting these newspaper articles that the motion would suppress was certainly going to have absolutely no impact on a trial judge, especially where the defendant himself would point to actually nothing to say that he personally had done anything. How do we distinguish King and Patterson where, according to counsel, similar information was presented to get an evidentiary hearing? In Patterson, Your Honor, there was substantial evidence that there was systematic torture. We had Detective John Burge there who had been in the newspaper, who had been seated in federal court. So in the federal case of Wilson v. Burge,  there were charts, flow sheets, flow charts showing the allegations against Burge and those that had been actually sustained. There were OPS complaints that had been sustained. There were affidavits from other suspects. We actually had live testimony, as you pointed out, not just reports but live testimony from people saying, he beat me, this is what happened. What about King? Your Honor, I apologize. The final thing in Patterson, though, there's an immediate outcome. Remember, there was an etching in Patterson. On the bench? Right, on the bench. So the bottom line is here, the defendant had absolutely nothing to show that he would have beaten him. And complaints against other people that were later unsubstantiated was not going to help him. Newspaper articles where both sides of the issue were presented was not going to help him. He didn't have anything to overcome. The trial court's finding that he was liable. As far then as the second issue is concerned, the sentencing issue, the bottom line is the defendant failed to raise this issue ever until appeal. The appeal was post-conviction petition. He didn't raise it at trial. He didn't raise it in court. You know, that's the nature of PCs, isn't it? If it had been raised in those proceedings, it couldn't be raised at a PC. But it wasn't even raised at a PC. It wasn't raised until the appeal. And my point on this is simply you cannot bring it now unless you can show that that sentence was void. Not voidable, not maybe wrong. Why shouldn't consecutive sentences that are not permitted under the law, if, you know, if there is case law that says through and through bullet wound is not, as a matter of law, severe bodily injury, why shouldn't an individual be able to challenge a consecutive sentence, which means that he's going to have to serve that additional period of time. Concurrent sentences are different. I mean, I can see where theirs are void and voidable rather than void. Why shouldn't consecutive sentences be void if there is clear case law to the contrary? Your Honor, there is no case that says as a matter of law. Well, I think when an appellate court reverses, that is as a matter of law because it's certainly not as a matter of fact. It is a determination of fact. In the Williams, the co-defendant's case, the appellate court found that it was a determination of fact whether or not the injury was severe. So what we have here, I mean, if I had been shot through and through, I would be mighty sure of the argument that I had been severely injured. If one of my children had been shot through and through, I'd be arguing that there was a severe bodily injury. The trial court here had in front of him facts that said that they opened fire into a crowd of people, they killed one person, and three other people suffered gunshot wounds. Right there, from where I'm standing, you've got evidence of a severe bodily injury. So at the time, the trial court has evidence that it's not a single course of conduct, there's no change in the criminal objective, there's three Class X aggravated batteries with a firearm convictions, and there's severe bodily injury. Right there, he's authorized by statute to give the consecutive sentence. As long as he was authorized by statute, he had subject matter jurisdiction over the parties in the case, and he was authorized by statute to impose that consecutive sentence, he could certainly not avoid sentence. And at this point, now, some 15, 20 years after the conviction is final, supposedly final, he cannot attack that sentence.  It was a valid sentence at the time. He simply cannot be attacked at this point. And just as a final note, the last thing in my brief was, you know, I'm hard-pressed to say that he's not a severe bodily injury. He was shot. In conclusion, we're asking this court then to affirm the dismissal of this conviction.  Just a few quick points, Your Honors. Concerning the first issue, the state has argued that there's nothing to show that he's physically coerced. But again, as noted, he did show his wrist to the judge, and defense counsel thought of how to do that, but there had not been some sort of evidence of injury there. But that sort of, if it's coercion, that sort of coercion happens quite frequently when that handcuff is tightened too much. And it does happen on occasion. That could be true, Your Honor, but in addition to all the other allegations that Johnson has here, I think it disengages his claim. Again, the state here says that there's no definitive finding that Cato engaged in abuse, but again, King and Patterson say that that's not required to move it to a third-stage evidentiary hearing. I think we have to ask for how many allegations there need to be before we can put on an evidentiary hearing to determine the validity of these claims. Are you saying that really it's a matter of allegation as opposed to a substantial showing which suggests that it's a matter of evidence as opposed to allegations? I think it's a combination of the two, Your Honor. In other cases, let's say one claim is insufficient, but if there's several claims, even if they're only allegations, that add up over a period of years, it does show a pattern of abuse. All right. Now, concerning the second issue, People v. Arnum, People v. Wilder, hold that a sentence which does not conform to statutory authority is void, and that's what we have here. In the Williams Court, the Court of Fines case when applying the concurrent sentences, said that, yes, any time a person is shot, concerning through and through shots, no matter the extent of the harm, it is a serious matter. Then again, consecutive sentencing is a serious matter, too. So pursuant to Argument 2, we ask that this Court reverse and remand for concurrent sentencing. Thank you. Thank you very much. Well, you've given us a very interesting case. Your briefs are very interesting. Your arguments are very good. And we'll take the case under advisement. Right now, we're going to take a recess.